UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOBIL CERRO NEGRO, LTD., <br> Shirley House, 50 Shirley St., <br> Nassau, New Providence, <br> Commonwealth of the Bahamas <br><br> VENEZUELA HOLDINGS, B.V., <br> Graaf Engelbertlaan 75, Breda, 4837 DS <br> Netherlands <br><br> MOBIL CERRO NEGRO HOLDING LLC, <br> 251 Little Falls Drive <br> Wilmington, Delaware 19808 <br><br>  Petitioners, <br><br>  v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br> Ministerio del Poder Popular para Relaciones Exteriores <br> Dirección del Servicio Consular Extranjero <br> Oficina de Relaciones Consulares <br> (Ministry of People's Power of Foreign Affairs <br> Directorate of the Foreign Consular Service <br> Office of Consular Affairs) <br> Edificio Anexo a la Torre MRE, piso 1 <br> Avenida Urdaneta – Esquina Carmelitas a Puente LLaguno <br> Caracas 1010 <br> Venezuela <br><br>  Respondent. | Case No. 23-cv-3506 |

**PETITION TO ENFORCE ICSID ARBITRATION
AWARD PURSUANT TO 22 U.S.C. § 1650A**

For its Petition, Petitioners Mobil Cerro Negro, Ltd., Venezuela Holdings, B.V., and Mobil Cerro Negro Holding LLC (collectively the "ExxonMobil entities" or "Petitioners"), by and through their undersigned counsel, state as follows:

**NATURE OF ACTION**

1. This is an action to enforce an arbitration award pursuant to 22 U.S.C. § 1650a and Article 54 of the Convention on the Settlement of Investment Disputes between States and Nationals of other States (the "ICSID Convention"), and to enter judgment thereon.

2. The original arbitration award ("Original Award") was rendered in favor of the ExxonMobil entities, Mobil Venezolana de Petróleos Holdings, Inc., and Mobil Venezolana de Petróleos, Inc. against Respondent Bolivarian Republic of Venezuela ("Venezuela") on October 9, 2014, following an arbitration (the "Original Proceeding") conducted under the Rules of Arbitration of the International Centre for Settlement of Investment Disputes ("ICSID") in ICSID Case No. ARB/07/27 (the "ICSID Arbitration"). The Original Award is attached as Exhibit 2 to the Declaration of Steven K. Davidson ("Davidson Declaration"), which is filed herewith. The procedural details of the ICSID Arbitration are set forth in Exhibit 5 to the Davidson Declaration, submitted herewith.

3. On June 12, 2015, the original tribunal denied Venezuela's application for revision of the Original Award, terminating the Revision Proceeding; the Decision on Revision is set forth in Exhibit 3 to the Davidson Declaration, submitted herewith.

4. Subsequently, on March 9, 2017, an *ad hoc* ICSID Committee granted in part and denied in part Venezuela's application for annulment of the Original Award. The portion of the award relating to the amount of compensation awarded for the expropriation of the Cerro Negro

Project was annulled, but "the parts of the First Award that have not been annulled remain *res judicata*," including the "interest rate for the amounts of compensation on the merits." Davidson Decl. Ex. 1 at ¶¶ 60, 289. Submitted herewith as Exhibit 4 to the Davidson Declaration is an English language copy of the Decision on Annulment. The Committee also lifted the stay of enforcement of the Initial Award.

5. On September 26, 2018, the ExxonMobil entities filed their request to resubmit the ICSID claim. After a full merits hearing, on July 10, 2023 the final arbitration award on the resubmitted claim ("Final Award") was rendered in favor of the ExxonMobil entities against Venezuela. A certified copy of the Final Award is submitted herewith as Exhibit 1 to the Davidson Declaration.

6. The Final Award has not been satisfied, and US$985,545,515 plus interest, legal fees, and costs remain to be paid.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 22 U.S.C. § 1650a. As provided in Section 1650a, "The district courts of the United States . . . shall have exclusive jurisdiction over actions and proceedings under subsection (a) of this section." 22 U.S.C.§ 1650a(b). And the "obligations imposed by [the Final Award] . . . shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." 22 U.S.C. § 1650a(a).

8. In addition, this Court has jurisdiction pursuant to 28 U.S.C. § 1330 because this action is a nonjury civil action against a foreign state as defined in 28 U.S.C. § 1603(a) on a claim for judgment with respect to which the foreign state is not entitled to immunity pursuant to 28 U.S.C. §§ 1610(a)(1) and (6).

9. Moreover, the Federal Arbitration Act ("FAA") (9 U.S.C. §§ 1, *et seq.*) does not apply to "enforcement of awards rendered pursuant to the [ICSID] convention." 28 U.S.C. § 1650a(a). Therefore, the ExxonMobil entities are not required to meet the FAA's jurisdictional requirements.

10. This Court may exercise personal jurisdiction over Venezuela pursuant to 28 U.S.C. § 1330(b).

11. Venue is proper in this District under 28 U.S.C. § 1391(f)(4).

## THE PARTIES

12. Petitioner Mobil Cerro Negro, Ltd. is Bahamian company.

13. Petitioner Venezuela Holdings, B.V. is a Dutch company.

14. Petitioner Mobil Cerro Negro Holding LLC is a Delaware company.

15. Respondent is the Bolivarian Republic of Venezuela.

16. Venezuela signed the ICSID Convention on August 18, 1993 and deposited its instrument of ratification on May 2, 1995. The ICSID Convention entered into force for Venezuela on June 1, 1995. On January 24, 2012, the depositary received a written notice of Venezuela's denunciation of the ICSID Convention. In accordance with Article 71 of the ICSID Convention, the denunciation took effect six months after the receipt of the notice, on July 25, 2012. But all rights and obligations of Venezuela that were at issue in the ICSID Arbitration, and which are sought to be recognized hereby, arose before Venezuela's denunciation took effect, and are therefore subject to the jurisdiction of the ICSID and this Court. *See* ICSID Convention, Art. 72 ("Notice [of denunciation] by a Contracting State . . . shall not affect the rights or obligations under this Convention . . . arising out of consent to the jurisdiction of the Centre given by one of them before such notice was received by the depositary.").

17. Venezuela was represented by counsel and actively participated in the ICSID Arbitration from 2007 through the present.[1]

## THE AWARD

18. On September 6, 2007, Petitioners, Mobil Venezolana de Petróleos Holdings, Inc., and Mobil Venezolana de Petróleos, Inc., filed a Request for Arbitration with ICSID against Venezuela, ICSID Case No. ARB/07/27. The subject matter of the arbitration dealt with expropriation of two separate investment projects in Venezuela.

19. The Request for Arbitration was officially registered on October 10, 2007. The ICSID arbitral tribunal (the "original tribunal"[2]) was constituted on August 8, 2008, and held its first session on November 7, 2008. The original tribunal convened a hearing in Paris, France, at which testimony and arguments relating to the jurisdictional issues were heard on September 23–24, 2009. On June 10, 2010, the original tribunal issued its Decision on Jurisdiction. In that decision, the original tribunal held that it had jurisdiction over the claims presented by Petitioners, Mobil Venezolana de Petróleos Holdings, Inc., and Mobil Venezolana de Petróleos, Inc. based on breaches of the Netherlands-Venezuela bilateral investment treaty and relating to disputes arising after February 21, 2006, for the Cerro Negro Project (in which Mobil Cerro Negro, Ltd., a wholly-owned subsidiary of Dutch enterprise Venezuela Holdings, B.V., was a participant), and after

---

[1] In 2019, the opposition government led by Interim President Juan Guaidó requested to participate in the ICSID Arbitration, but the ICSID tribunal denied the request after receiving written submissions and convening a hearing on "the issue of which of Venezuela's purported representatives are properly authorized to represent Venezuela in these proceedings." Davidson Decl. Ex. 1 at ¶¶ 9–10, 14–20.

[2] The ICSID entities that authored decisions are defined for ease of use as follows: the "original tribunal" sat from 2008–2015 during the Original Proceeding and the Revision Proceeding. The "Committee" sat from 2015–2017 during the Annulment Proceeding. The "tribunal" sat from 2020–2023 during the Resubmission Proceeding.

November 23, 2006 for the La Ceiba Project (in which Mobil Venezolana de Petróleos, Inc., another wholly-owned subsidiary of Venezuela Holdings, B.V., was a participant).[3]

20. Petitioners, Mobil Venezolana de Petróleos Holdings, Inc., and Mobil Venezolana de Petróleos, Inc. and Venezuela filed their respective submissions on the merits in 2010 and 2011. The original tribunal convened a hearing in Paris at which testimony and arguments relating to the merits of the case were heard on February 7–16, 2012. Both parties submitted post-hearing briefs in April and May 2012. On July 28, 2014, the original tribunal notified the parties that the proceeding was closed in accordance with Rule 38(1) of the ICSID Arbitration Rules, signifying that the original tribunal sought no further submissions from the parties.

21. On October 9, 2014, the original tribunal issued a final award in favor of Petitioners, Mobil Venezolana de Petróleos Holdings, Inc., and Mobil Venezolana de Petróleos, Inc. in the amount of US$1,600,042,482 (plus interest), thus terminating the Original Proceeding. The amount consisted of US$9,042,482 in compensation for the production and export curtailments imposed on the Cerro Negro Project, US$1,411,700,000 in compensation for the expropriation of investments in the Cerro Negro Project, and US$179,300,000 in compensation for the expropriation of investments in the La Ceiba Project, plus annual compound interest on all sums at the rate of 3.25% from June 27, 2007 until payment in full.

22. The original tribunal found that Venezuela expropriated the property of Petitioners, Mobil Venezolana de Petróleos Holdings, Inc., and Mobil Venezolana de Petróleos, Inc. and, therefore, was required to pay just compensation to them.

---

[3] As discussed in ¶ 27, *infra*, Venezuela has satisfied its pecuniary obligations regarding compensation for La Ceiba, and accordingly Mobil Venezolana de Petróleos Holdings, Inc., and Mobil Venezolana de Petróleos, Inc. are not parties to this Petition.

23. On or about October 24, 2014, Venezuela filed an application for revision of the Award, thus initiating the Revision Proceeding.

24. On or about June 12, 2015, the original tribunal denied Venezuela's application for revision in its entirety, thus terminating the Revision Proceeding. The original tribunal also found that Venezuela's "purpose of the Application was not to request the revision of the Award on the basis of a genuine concern that an unknown decisive fact had been left out, but rather to hinder the [Petitioners'] swift attempt at enforcement." Davidson Decl. Ex. 3 at ¶ 4.1.7. The original tribunal ordered Venezuela to pay to Petitioners, Mobil Venezolana de Petróleos Holdings, Inc., and Mobil Venezolana de Petróleos, Inc. all of their costs, expenses, and legal fees associated with the application. Specifically, the original tribunal awarded legal fees and expenses in the amounts of US$93,463 and GBP32,561.16. *See id.* at ¶¶ 4.1.10, 5.1. The original tribunal further ordered that the Decision "shall become part of its Award dated 9 October 2014." *Id.* at ¶ 5.1.

25. On or about February 2, 2015, Venezuela filed an application for annulment of the Award, thus initiating the Annulment Proceeding.

26. On March 9, 2017, an *ad hoc* ICSID Committee (the "Committee") granted in part and denied in part Venezuela's application for annulment, thus terminating the Annulment Proceeding. A copy of the Decision on Annulment is attached as Exhibit 4 to the Davidson Declaration. The Committee granted annulment as to the award of US$1,411,700,000 in compensation for the expropriation of investments in the Cerro Negro Project. *See* Davidson Decl. Ex. 4 at ¶ 196(3). The Committee rejected Venezuela's other requests for annulment. *Id.* The Committee also lifted the stay of enforcement of the Final Award. *Id.* at ¶ 191.

27. In June 2017, the ExxonMobil entities, Mobil Venezolana de Petróleos Holdings, Inc., Mobil Venezolana de Petróleos, Inc., and Venezuela agreed on a payment schedule, whereby Venezuela paid approximately US$260 million, in installments, to satisfy its pecuniary obligations regarding compensation awarded for La Ceiba, compensation awarded for production curtailment, costs awarded with respect to the Revision Proceeding and Annulment Proceeding, and accrued interest on the compensation.

28. On September 26, 2018, the ExxonMobil entities filed a request to resubmit the ICSID claim, initiating the Resubmission Proceeding.

29. The arbitral tribunal for the Resubmission Proceeding (the "tribunal") was constituted on August 17, 2020, and held its first session on October 8, 2020. The tribunal convened a hearing in Paris, France, at which testimony and arguments relating to the merits of the case were heard on September 29–30, 2022. Both parties submitted post-hearing briefs in November 2022. On June 14, 2023, the tribunal notified the parties that the proceeding was closed in accordance with Rule 38(1) of the ICSID Arbitration Rules, signifying that the tribunal sought no further submissions from the parties.

30. On July 10, 2023, the tribunal issued the Final Award in Petitioners' favor in the amount of nine hundred eighty-five million, five hundred forty-five thousand, five hundred fifteen dollars (US$985,545,515) plus interest ("Final Award"), terminating the Resubmission Proceeding. The tribunal found that Venezuela expropriated Petitioners' property and, therefore, was required to pay just compensation to Petitioners in the amount of US$984,527,000 for the expropriation of investments in the Cerro Negro Project, plus annual compound interest at the

rate of 3.25% from June 27, 2007 until payment in full.[4] The tribunal also ordered Venezuela to pay to Petitioners the amount of US$1,018,515.045, plus annual compound interest at the rate of 7.75% from July 10, 2023 until payment in full, which represents part of the legal fees and expenses incurred by Petitioners with respect to the Resubmission Proceeding, and half of the arbitration costs. Davidson Decl. Ex. 1 at ¶ 291.

31. Consistent with Article 54(2) of the ICSID Convention, Petitioners include herewith copies of the Final Award, the Original Award, the Decision on Revision, and the Decision on Annulment, as Exhibits 1, 2, 3, and 4 respectively to the Davidson Declaration. *See* ICSID Convention, Art. 54(2) ("A party seeking recognition or enforcement in the territories of a Contracting State shall furnish to a competent court or other authority which such State shall have designated for this purpose a copy of the award certified by the Secretary-General.").

32. The United States is a party to the ICSID Convention and is therefore obliged to recognize and enforce the pecuniary obligations imposed by the Award as if it were a final judgment of a court of the United States. This obligation is set out in 22 U.S.C. §§ 1650a(a)–(b), which provides in relevant part:

> (a) An award of an arbitral tribunal rendered pursuant to chapter IV of the convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. § 1 *et seq.*) shall not apply to enforcement of awards rendered pursuant to the convention.
>
> (b) The district courts of the United States shall have exclusive jurisdiction over actions and proceedings under subsection (a) of this section, regardless of the amount in controversy.

22 U.S.C. § 1650a.

---

[4] The ExxonMobil entities have an obligation to repay Petróleos de Venezuela, S.A. for amounts paid pursuant to an indemnity under another contract.

# COUNT I

## FOR RECOGNITION AND ENFORCEMENT OF ARBITRATION AWARD PURSUANT TO 22 U.S.C § 1650A

33. Petitioners restate and incorporate all the foregoing paragraphs of the Petition as if set forth fully herein.

34. The Final Award was issued pursuant to the ICSID Convention because the Netherlands and Venezuela were both signatories to the ICSID Convention when the parties provided their consent to submit the dispute to ICSID Arbitration. Davidson Decl. Ex. 6.

35. Venezuela participated in all aspects of the ICSID Arbitration.

36. The United States is a signatory to the ICSID Convention. Awards issued pursuant to the ICSID Convention are subject to automatic recognition and enforcement in the United States under 22 U.S.C. § 1650a.

37. An arbitration award under the ICSID Convention has been issued in Petitioners' favor.

38. Accordingly, Petitioners are entitled to an order recognizing the Final Award as a judgment pursuant to Article 54 of the ICSID Convention and 22 U.S.C. § 1650a, and entering judgment thereon in the amount of US$984,527,000 plus interest on this amount at a rate of 3.25 percent from June 27, 2007 until judgment is entered. Thereafter, Petitioners are entitled to post-judgment interest either at the rate set forth in 28 U.S.C. §1961 or the rate set forth in the Final Award until payment of these sums has been made in full.[5]

---

[5] When Petitioners enforced the Original Award in the Southern District of New York, they took the position that the interest rate set forth in the award applied post-judgment since it was a "pecuniary obligation" of the award. *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, No. 14 CIV. 8163 PAE, 2015 WL 926011 (S.D.N.Y. Mar. 4, 2015). Venezuela took the opposite position. The district court agreed with Petitioners, *see id.*, but the Second Circuit vacated the judgment and did not resolve whether the award interest rate or the federal post-

39. Further, Petitioners are entitled to an order recognizing the award of their legal fees and expenses and arbitration costs in the amount of US$1,018,515.045, plus interest on this amount at a rate of 7.75 percent from July 10, 2023 until judgment is entered. Thereafter, Petitioners are entitled to post-judgment interest either at the rate set forth in 28 U.S.C. §1961 or the rate set forth in the Final Award until payment of these sums has been made in full.

## PRAYER FOR RELIEF

WHEREFORE, the ExxonMobil entities respectfully request that the Court enter judgment in favor of the ExxonMobil entities and against Venezuela and grant the following relief:

    a. Granting this Petition;

    b. Entering judgment and ordering that the pecuniary obligations in the Final Award in favor of the ExxonMobil entities and against Venezuela be

---

judgment interest rate, 28 U.S.C. § 1961, controls. *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96 (2d Cir. 2017). In this District, several courts have held that the federal post-judgment interest rate set forth in 28 U.S.C. § 1961 applies once judgment is entered. *See, e.g., Perenco Ecuador Ltd. v. Republic of Ecuador*, No. 19-CV-2943-JMC, 2023 WL 2536368, at *9 (D.D.C. Mar. 16, 2023) ("[P]ost-judgment interest shall be calculated according to the statutory interest rate specified by 28 U.S.C. § 1961."); *Koch Mins. Sarl v. Bolivarian Republic of Venezuela*, No. 17-CV-2559-ZMF, 2021 WL 3662938, at *3 (D.D.C. Aug. 18, 2021) ("[T]he interest rates set out in the ICSID Award will apply post-award (but pre-judgment), whereas the federal statutory interest rate will apply post-judgment."); *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, No. 16-CV-1533-ABJ, 2019 WL 2185040, at *7 (D.D.C. May 21, 2019) ("In other words, even if this Court were to follow the direction of the Southern District of New York [in *Mobil Cerro Negro*], that direction would be: follow the statute. … This would indicate that § 1961 should apply. … Thus, the Court finds § 1961 applies, and [the] interest rate set forth in the federal statute will apply post-judgment, and the interest rate set forth in the Award will apply pre-judgment."). This even includes a recent case in May of this year. *See Valores Mundiales, S.L. v. Bolivarian Republic of Venezuela*, No. 1:19-CV-00046-ACR, Dkt. 44 (D.D.C. May 22, 2023) (awarding "[p]ost-judgment interest on the total amount above … calculated at the rate set forth in 28 U.S.C. § 1961, from the date of this judgment until full payment."). But not every judge has agreed. *See, e.g., Micula v. Romania*, No. 17-CV-2332-APM, Dkt. 88 (D.D.C. Sept. 20, 2019) (awarding "post-judgment interest at the rate identified in the Award from the date of judgment until the date of full payment."). It does not appear that the D.C. Circuit has weighed in on this issue.

        recognized and entered as a judgment by the Clerk of this Court in the same manner and with the same force and effect as if the Final Award were a final judgment of this Court, as authorized by 22 U.S.C. § 1650a and Article 54 of the ICSID Convention;

c. Entering judgment and ordering that, in accordance with the pecuniary obligations contained in the Final Award, Venezuela shall pay to Petitioners:

    (1) the sum of nine hundred eighty-four million, five hundred twenty-seven thousand dollars (US$984,527,000);

    (2) annual compound interest on the sum of nine hundred eighty-four million, five hundred twenty-seven thousand dollars (US$984,527,000) at a rate of 3.25% from June 27, 2007 up until judgment is entered. Thereafter, Petitioners are entitled to post-judgment interest either at the rate set forth in 28 U.S.C. §1961 or the rate set forth in the Final Award until payment of these sums has been made in full;

    (3) legal fees and expenses and arbitration costs in the amount of one million, eighteen thousand, five hundred fifteen dollars and five cents (US$1,018,515.045); and

    (4) annual compound interest on the sum of one million, eighteen thousand, five hundred fifteen dollars and five cents (US$1,018,515.045) at a rate of 7.75% from July 10, 2023 until judgment is entered. Thereafter, Petitioners are entitled to post-

        judgment interest either at the rate set forth in 28 U.S.C. §1961 or the rate set forth in the Final Award until payment of these sums has been made in full;

c. Entering judgment and ordering that Venezuela shall pay Petitioners' legal fees and costs incurred in this proceeding; and

d. Awarding Petitioners such other and further relief as this Court may find just and proper.

Dated: November 22, 2023

Respectfully submitted,

  /s/ Steven K. Davidson
Steven K. Davidson (D.C. Bar No. 407137)
Michael J. Baratz (D.C. Bar No. 480607)
Molly Bruder Fox (D.C. Bar No. 981619)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 429-3000
Fax: (202) 429-3902
sdavidson@steptoe.com
mbaratz@steptoe.com
mbfox@steptoe.com

*Counsel for Petitioners*

Of Counsel:

Eugene J. Silva II
Law Department
EXXON MOBIL CORPORATION
800 Bell Street
Houston, Texas 77002
Tel: (713) 656-3636
Fax: (713) 656-3496
eugene.j.silva@exxonmobil.com