UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOBIL CERRO NEGRO, LTD., *et al.*,<br><br>Petitioners,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Respondent. | Case No. 23-cv-3506 |

DECLARATION OF STEVEN K. DAVIDSON IN SUPPORT OF
PETITIONERS' PETITION TO ENFORCE
ARBITRATION AWARD PURSUANT TO 22 U.S.C. § 1650A

I, Steven K. Davidson, hereby declare as follows:

1. I am a member of the law firm of Steptoe & Johnson LLP, counsel to Petitioners Mobil Cerro Negro, Ltd., Venezuela Holdings, B.V., and Mobil Cerro Negro Holding LLC. (collectively the "ExxonMobil entities" or "Petitioners") in the above-captioned action. I am admitted to practice in the U.S. District Court for the District of Columbia.

2. I make this declaration for the purpose of securing the entry of judgment in this District, recognizing and enforcing an arbitral award rendered in favor of Petitioners against Respondent the Bolivarian Republic of Venezuela ("Venezuela") following an original arbitration and a resubmission proceeding, both conducted in Paris, France under the rules of the International Centre of the Settlement of Investment Disputes ("ICSID") in ICSID Case No. ARB/07/27 (the "ICSID Arbitration").[1]

---

[1] As discussed in ¶ 6, *infra*, Venezuela has satisfied its pecuniary obligations regarding compensation for La Ceiba, and accordingly Mobil Venezolana de Petróleos Holdings, Inc., and Mobil Venezolana de Petróleos, Inc. are not parties to this Petition.

3. On October 9, 2014, the original tribunal[2] issued a final award in favor of Petitioners, Mobil Venezolana de Petróleos Holdings, Inc., and Mobil Venezolana de Petróleos, Inc. in the amount of one billion six hundred million forty-two thousand four hundred eighty-two dollars (US$1,600,042,482) plus interest ("Original Award"), terminating the Original Proceeding. The original tribunal found that Venezuela expropriated the property of Petitioners, Mobil Venezolana de Petróleos Holdings, Inc., and Mobil Venezolana de Petróleos, Inc. and, therefore, was required to pay just compensation in the amounts of (i) US$9,042,482 in compensation for the production and export curtailments imposed on the Cerro Negro Project, (ii) US$1,411,700,000 in compensation for the expropriation of investments in the Cerro Negro Project, and (iii) US$179,300,000 in compensation for the expropriation of investments in the La Ceiba Project, plus annual compound interest on all sums at the rate of 3.25% from June 27, 2007 until payment in full. Submitted herewith as Exhibit 2 is an English language copy of the Original Award.

4. On June 12, 2015, the original tribunal denied Venezuela's application for revision of the Original Award, terminating the Revision Proceeding. Submitted herewith as Exhibit 3 is an English language copy of the Decision on Revision. The original tribunal awarded Petitioners, Mobil Venezolana de Petróleos Holdings, Inc., and Mobil Venezolana de Petróleos, Inc. their legal fees and expenses in the amounts of USD 93,463 and GBP 32,561.16. *See* Ex. 3 ¶¶ 4.1.10, 5.1. The original tribunal ordered Venezuela to pay these fees and expenses. The original tribunal further ordered that the Decision "shall become part of its Award dated 9 October 2014." *Id.* at ¶ 5.1.

---

[2] The ICSID entities that authored decisions are defined for ease of use as follows: the "original tribunal" sat from 2008–2015 during the Original Proceeding and the Revision Proceeding. The "Committee" sat from 2015–2017 during the Annulment Proceeding. The "tribunal" sat from 2020–2023 during the Resubmission Proceeding.

5. On March 9, 2017, an *ad hoc* ICSID Committee (the "Committee") granted in part and denied in part Venezuela's application for annulment of the Original Award, terminating the Annulment Proceeding. Submitted herewith as Exhibit 4 is an English language copy of the Decision on Annulment. The Committee granted annulment as to the award of US$1,411,700,000 in compensation for the expropriation of investments in the Cerro Negro Project. *See* Ex. 4 ¶ 196(3). The Committee rejected Venezuela's other requests for annulment. *Id.* The Committee also lifted the stay of enforcement of the Initial Award. *Id.* ¶ 191.

6. In June 2017, the ExxonMobil entities and Venezuela agreed on a payment schedule, whereby Venezuela paid approximately US$260 million, in installments, to satisfy its pecuniary obligations regarding compensation awarded for La Ceiba, compensation awarded for production curtailment, costs awarded with respect to the Revision Proceeding and Annulment Proceeding, and accrued interest on the compensation.

7. The ExxonMobil entities subsequently filed a request to resubmit the ICSID claim, and an ICSID tribunal (the "tribunal") was constituted on August 17, 2020 and closed on June 14, 2023. On July 10, 2023, the tribunal issued a final award in Petitioners' favor in the amount of nine hundred eighty-five million, five hundred forty-five thousand, five hundred fifteen dollars (US$985,545,515) plus interest ("Final Award"), terminating the Resubmission Proceeding. The tribunal found that Venezuela expropriated Petitioners' property and, therefore, was required to pay just compensation to Petitioners in the amount of US$984,527,000 for the expropriation of investments in the Cerro Negro Project, plus annual compound interest at the rate of 3.25% from June 27, 2007 until payment in full.[3] The tribunal also ordered Venezuela to pay to Petitioners the amount of US$1,018,515.045, plus annual compound interest at the rate of

---

[3] The ExxonMobil entities have an obligation to repay Petróleos de Venezuela, S.A. for amounts paid pursuant to an indemnity under another contract.

7.75% from July 10, 2023 until payment in full, which represents part of the legal fees and expenses incurred by Petitioners with respect to the Resubmission Proceeding, and half of the arbitration costs. Submitted herewith as Exhibit 1 is an English language copy of the Final Award certified by the Secretary-General of ICSID. Submitted herewith as Exhibit 5 are the case details from the ICSID Arbitration.

8. The recognition and enforcement of ICSID awards by United States District Courts is governed by Public Law 89-532, enacted on August 11, 1966, and codified at 22 U.S.C. § 1650a. Section 1650a provides that:

> (a) An award of an arbitral tribunal rendered pursuant to chapter IV of the convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. 1 et seq.) shall not apply to enforcement of awards rendered pursuant to the convention.
>
> (b) The district courts of the United States (including the courts enumerated in title 28, United States Code, section 460) shall have exclusive jurisdiction over actions and proceedings under paragraph (a) this section, regardless of the amount in controversy.

9. Article 54 of the ICSID Convention likewise provides as follows:

> 1. Each Contracting State[4] shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State. A Contracting State with a federal constitution may enforce such an award in or through its

---

[4] A list of the Contracting States is attached as Exhibit 6. A Contracting State is a State that has deposited its instrument of ratification and attained the status of Contracting State by the entry into force of the Convention. *See* Ex. 6. As indicated by the Note on page 5 of Exhibit 6, "The Government of the Bolivarian Republic of Venezuela signed the ICSID Convention on August 18, 1993 and deposited its instrument of ratification on May 2, 1995. The Convention entered into force for the Bolivarian Republic of Venezuela on Jun. 1, 1995. On January 24, 2012, the depositary received a written notice of the Bolivarian Republic of Venezuela's denunciation of the Convention. In accordance with Article 71 of the Convention, the denunciation took effect six months after the receipt of the notice, i.e., on Jul. 25, 2012."

federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state.

2. A party seeking recognition or enforcement in the territories of a Contracting State shall furnish to a competent court or other authority which such State shall have designated for this purpose a copy of the award certified by the Secretary-General. Each Contracting State shall notify the Secretary-General of the designation of the competent court or other authority for this purpose and of any subsequent change in such designation.

3. Execution of the award shall be governed by the laws concerning the execution of judgments in force in the State in whose territories such execution is sought.

10. Pursuant to Article 54 of the ICSID Convention, as enacted by Congress in 22 U.S.C. § 1650a, Petitioners are entitled to recognition and enforcement of the Final Award by its entry as a judgment of this District Court.

11. The Final Award was not obtained by default. The Final Award has not been satisfied, and US$985,545,515 plus interest, legal fees, and costs remain to be paid.

12. Attached hereto are true and correct copies of the following exhibits, which are submitted with Petitioners' Petition to Recognize Arbitration Award Pursuant to 22 U.S.C. § 1650a:

Exhibit 1: Final Award from ICSID, dated July 10, 2023;

Exhibit 2: Original Award from ICSID, dated October 9, 2014;

Exhibit 3: ICSID's Decision on Revision, dated June 12, 2015;

Exhibit 4: ICSID's Decision on Annulment, dated March 9, 2017;

Exhibit 5: ICSID Case Details (as of November 19, 2023)

Exhibit 6: ICSID, List of Contracting States and Other Signatories of the Convention (as of October 25, 2022);

13. No prior application for this or similar relief has been made to this District Court.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on November 22, 2023 at Washington, DC.

_____
Steven K. Davidson