**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MOBIL CERRO NEGRO, LTD., *et al.*, | |
| Petitioners, | |
| v. | Case No. 23-cv-3506-RCL |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | |
| Respondent. | |

**NOTICE OF PARTIAL WITHDRAWAL OF PETITIONERS' MOTION FOR
RELIEF PURSUANT TO 28 U.S.C. § 1610(c) AND 28 U.S.C. § 1963**

On November 25, 2025, Petitioners Mobil Cerro Negro, Ltd., Venezuela Holdings, B.V., and Mobil Cerro Negro Holding LLC (collectively "Petitioners"), by and through their undersigned counsel, respectfully submitted a motion (the "Reasonable Time Motion") seeking a determination pursuant to 28 U.S.C. § 1610(c) that a reasonable period of time has elapsed and entry of an order pursuant to 28 U.S.C. § 1963 granting leave to register their judgment against Respondent the Bolivarian Republic of Venezuela ("Venezuela" or "Respondent") in other judicial districts of the United States for good cause while an appeal was pending.  Dkt. 38. Respondent opposed Petitioners' motion on December 23, 2025 (Dkt. 41), and Petitioners replied on January 6, 2026 (Dkt. 42).

Respondent's appeal has concluded, and the mandate has issued, rending Petitioners' request under 28 U.S.C. § 1963 moot.  Accordingly, Petitioners withdraw their request under 28 U.S.C. § 1963 but continue to seek a determination under 28 U.S.C. § 1610(c) that a reasonable period of time has elapsed.

\* \* \*

On April 7, 2026, the D.C. Circuit summarily affirmed this Court's September 26, 2025 order (Dkt. 34) granting summary judgment in favor of Petitioners and entering judgment against Venezuela in a per curiam order. *Mobil Cerro Negro, Ltd., et al., v. Bolivarian Republic of Venezuela*, No. 25-7168 (D.C. Cir. Apr. 7, 2026) (the "Summary Affirmance Order").  A true and correct copy of the Summary Affirmance Order is attached hereto as **Exhibit A**.  The D.C. Circuit held that the Court "correctly granted summary judgment to appellees in this action for recognition and enforcement of an arbitral award issued by the International Centre for the Settlement of Investment Disputes ("ICSID")," the Court "correctly concluded that this case is governed by Valores Mundiales, S.L. v. Bolivarian Republic of Venezuela, 87 F.4th 510 (D.C. Cir. 2023)," and "the representation issue . . . was fully and fairly litigated before ICSID and finally decided by the ICSID tribunal."  Summary Affirmance Order at 1, 2.

Pursuant to Rule 40(a) of the Circuit Rules of the United States Court of Appeals for the District of Columbia Circuit, "any petition for panel rehearing or petition for rehearing en banc must be filed within 30 days after entry of judgment or other form of decision."  D.C. Cir. R. 40(a).  The 30-day period thus expired on May 7, 2026.  Respondent did not file "any timely petition for rehearing or petition for rehearing en banc," Summary Affirmance Order at 2, and the mandate issued on May 15, 2026.  A true and correct copy of the mandate is attached hereto as **Exhibit B**.

Judgments "become registrable 'in any other district'" pursuant to 28 U.S.C. § 1963, *In re Pro. Air Traffic Controllers Org. (PATCO)*, 699 F.2d 539, 543 (D.C. Cir. 1983), "when the judgment has become final by appeal."  28 U.S.C. § 1963.  Because the mandate has issued, the Court's September 26, 2025, judgment is final by appeal.  *PATCO*, 699 F.2d at 543 (judgment is final by appeal on the date the mandate issues); *see also Deep v. Boies*, 412 F. App'x 391, 392

(2d Cir. 2011) (affirming lower court's determination that judgment was final when certified as such by district court clerk after issuance of appellate opinion affirming judgment, notwithstanding that mandate had not yet issued).

Now that "the judgment has become final by appeal," Petitioners no longer need an "order[] by the court that entered the judgment for good cause shown" to register the judgment in any other judicial district.  28 U.S.C. § 1963.  Accordingly, Petitioners' request for an order pursuant to 28 U.S.C. § 1963 is moot, and Petitioners therefore withdraw that portion of the Reasonable Time Motion.

More than seven months have passed since the entry of judgment on September 26, 2025, and Venezuela has made no payment.  Petitioners therefore continue to seek a determination that a reasonable period of time has elapsed pursuant to 28 U.S.C. § 1610(c) for the reasons set forth in the Reasonable Time Motion and reply.

Dated:   May 18, 2026                          Respectfully submitted,


                                                 /s/ Steven K. Davidson
                                                Steven K. Davidson (D.C. Bar No. 407137)
                                                Michael J. Baratz (D.C. Bar No. 480607)
                                                Molly Bruder Fox (D.C. Bar No. 981619)
                                                Emma Marshak (D.C. Bar. No. 1048357)
                                                STEPTOE LLP
                                                1330 Connecticut Avenue, N.W.
                                                Washington, D.C. 20036
                                                Tel: (202) 429-3000
                                                Fax: (202) 429-3902
                                                sdavidson@steptoe.com
                                                mbaratz@steptoe.com
                                                mbfox@steptoe.com
                                                emarshak@steptoe.com

                                                *Counsel for Petitioners*

Of Counsel:

Eugene J. Silva II
Law Department
EXXON MOBIL CORPORATION
800 Bell Street
Houston, Texas 77002
Tel: (713) 656-3636
Fax: (713) 656-3496
eugene.j.silva@exxonmobil.com

4